UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA D. ENGLAND et al.,

    Plaintiffs,

v.

DENSO INTERNATIONAL AMERICA et al.,

    Defendants.
_____/

Case No. 22-cv-11129

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (Dkt. 43)**

Before the Court is a motion filed by Plaintiffs (Dkt. 43) seeking partial reconsideration of this Court's opinion and order granting Defendants' motion to dismiss (Dkt. 18). See 7/28/23 Op. & Order (Dkt. 39). For the reasons set forth below, the Court denies the motion.[1]

### I. BACKGROUND

Plaintiffs are current and former employees of DENSO International America, Inc. (DENSO), a U.S. subsidiary of a global manufacturer of automotive components. 2nd Am. Compl. ¶¶ 20–24 (Dkt. 11). They are participants in a 401(k) defined contribution plan sponsored and provided by DENSO. Id. ¶¶ 5, 33–34. The plan is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Id. ¶ 38. Seeking to represent a class of similarly situated DENSO employees who are covered by the plan, Plaintiffs brought this action under ERISA against DENSO and related parties.

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motions, the briefing includes Defendants' response (Dkt. 45) and Plaintiffs' reply (Dkt. 46).

Plaintiffs brought claims for breach of the duty of prudence and breach of the duty to monitor. Id. ¶¶ 225–250. They based their breach of the duty of prudence claim on four separate breaches. Id. The one relevant to this motion is Plaintiffs' allegation that Defendants allowed the plan to pay excessive recordkeeping and administration (RKA) fees to the plan recordkeeper.

Defendants filed a motion to dismiss all claims (Dkt. 18). The Court granted the motion in its entirety. See 7/28/23 Op. & Order. In doing so, it found that Plaintiffs had not alleged sufficient facts from which the Court could plausibly infer that Defendants had paid recordkeeping fees that were excessive relative to the services rendered. Id. at 6–10.

Plaintiffs move for reconsideration of the Court's July 28, 2023 opinion and order granting Defendants' motion to dismiss only with respect to its dismissal of Plaintiffs' excessive RKA fee claims. For the reasons that follow, the Court denies the motion for reconsideration.

## II.   ANALYSIS

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich L.R. 7.1(h). Plaintiffs seek reconsideration pursuant to Rule 59(e), which "should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Mich. Flyer LLC v. Wayne Cnty. Airport Auth., 860 F.3d 425, 431 (6th Cir. 2017). "A motion under Rule 59(e) is not an opportunity to re-argue a case." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). A court should not grant a motion for reconsideration where "the moving party merely disagrees with the court's decision and attempts to reorganize and refocus its previous evidence and legal analysis." Gesler v. Ford Motor Co., 185 F. Supp. 2d 724, 729 (W.D. Ky. 2001).

Plaintiffs argue that reconsideration is necessary to "correct a clear error of law with regard to the Court's conclusion regarding Plaintiffs' RKA claims." Mot. at 4.

In dismissing Plaintiffs' RKA claims, the Court relied primarily on Smith v. CommonSpirit Health, 37 F.4th 1160, 1164 (6th Cir. 2022). The plaintiff in that case alleged that the recordkeeping fees for her plan were too high. CommonSpirit, 37 F.4th at 1169. She supported that allegation by comparing the cost of recordkeeping services per plan participant for her plan to the industry average. Id. However, she failed to plead that the services her plan's fees covered were equivalent to the services provided by the plans that made up the industry average that she used in her fees comparison. Id. Affirming the dismissal of the plaintiff's claim, the Sixth Circuit found her allegations insufficient because she had "failed to allege that the fees were excessive relative to the services rendered" and "alleged no facts concerning other factors relevant to determining whether a fee is excessive under the circumstances." Id. (punctuation modified).

Plaintiffs do not dispute that CommonSpirit supplies the applicable legal standard for RKA claims: "To allege a breach of fiduciary duty claim based on imprudent recordkeeping fees, a plaintiff must plead facts that would allow a plausible inference that the recordkeeping fees were excessive relative to the services rendered." Mot. at 4–5 (citing 7/28/23 Op. & Order at 4). Instead, they argue that the Court erred in finding that their allegations were insufficient to satisfy this standard.

The Court provided a detailed summary of Plaintiffs' relevant allegations in its prior opinion. See 7/28/23 Op. & Order at 5–6. To support their claim that Defendants charged excessive recordkeeping fees, Plaintiffs presented a table with fees for comparable plans, using publicly available information from form 5500s. 2nd Am. Compl. ¶ 103. With respect to comparing the services provided, Plaintiffs alleged only that "for mega plans, like the DENSO

3

Plan, minor variations in the level and quality of RKA services . . . provided by recordkeepers has [sic] little to no material impact on the fees charged by recordkeepers." Id. ¶ 52. In other words, they alleged that recordkeeping services for mega plans are "fungible or commoditized." See Mot. at 5.

The Court found these allegations insufficient to set forth a claim for excessive recordkeeping under the CommonSpirit standard. See 7/28/23 Op. & Order at 6–10. Specifically, the Court found that Plaintiffs' complaint provided "no details regarding the specific types or quality of services that the comparator plans received relative to the DENSO plan" and that the form 5500s provided for the comparison plans did not include information "from which the Court could plausibly infer that the recordkeeping fee charged by the other recordkeepers covered the same services as the DENSO plan." Id. at 8. Therefore, the Court found that Plaintiffs had failed to provide the context-specific comparison "that could move this claim from possibility to plausibility." Id. at 9 (quoting CommonSpirit, 37 F.4th at 1169). In finding these allegations conclusory, the Court cited a series of district court cases that found similar allegations insufficient to establish an excessive recordkeeping claim under CommonSpirit. See id. at 7 n.5.

Resisting this conclusion, Plaintiffs now argue that the Court erred in finding that the Plaintiffs had not provided sufficiently specific facts to support their recordkeeping claim. See Mot. In asserting that their "fungible or commoditized" allegations are sufficient to meet the standard articulated in CommonSpirit, Plaintiffs argue that the Court erred in failing to "engage with more recent case law" that endorses their theory. Mot. at 5–6. The "more recent case law"

4

they cite is a Seventh Circuit case, Hughes v. Northwestern Univ., 63 F.4th 615 (7th Cir. 2023), and four subsequent citing opinions from district courts in that circuit.[2]

In Hughes, the Seventh Circuit held that plaintiffs had pleaded a plausible excessive recordkeeping claim under the CommonSpirit standard where they pleaded that recordkeeping services for comparable plans were commoditized and fungible. Hughes, 63 F.4th at 632–633. Hughes also elaborated on the pleading standard for these claims articulated in the Sixth Circuit case Forman v. TriHealth, Inc., 40 F.4th 443 (6th Cir. 2022). Hughes explained that "[w]here alternative inferences are in equipoise—that is, where they are all reasonable based on the facts—the plaintiff is to prevail on a motion to dismiss . . . . Thus, on a motion to dismiss, courts must give due regard to alternative explanations for an ERISA fiduciary's conduct . . . but they need not be overcome conclusively by the plaintiff." Hughes, 63 F.4th at 629–630. Plaintiffs argue that consideration of Hughes and the subsequent cases that cite it "would likely have altered the outcome of the Court's decision with regard to Plaintiffs' RKA allegations." Mot. at 5–6. They argue that the Court, therefore, committed clear error in failing to engage with Hughes and in failing to follow its "persuasive reasoning." Reply at 2; Mot. at 12.

Plaintiffs' argument fails for two reasons. First, as Defendants note in their response to the motion for reconsideration, Plaintiffs did raise two of these cases—Hughes and Tolomeo—in notices of supplemental authorities (Dkts. 33, 37) filed with the Court when Defendants' motion to dismiss was pending. Motions for reconsideration are "not an opportunity to re-argue a case," Sault Ste. Marie Tribe of Chippewa Indians, 146 F.3d at 374, and "should not be used liberally to

---

[2] Plaintiffs cite to Nohara et al. v. Prevea Clinic Inc. et al., No. 20-cv-1079-WCG-SCD (Dkt. 96) (E.D. Wis. July 21, 2023); Glick v. ThedaCare Inc. et al., No. 20-cv-1236 (Dkt. 72) (E.D. Wis. July 20, 2023); Mazza v. Pactiv Evergreen Servs. Inc., No. 22 C 5052, 2023 WL 3558156 (N.D. Ill. May 28, 2023); and Tolomeo v. R.R. Donnelley & Sons, Inc., No. 20-cv-7158, 2023 WL 3455301 (N.D. Ill. May 15, 2023).

get a second bite at the apple," Oswald v. BAE Indus., Inc. No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010).

Because the Court did not address Hughes in its opinion on the motion to dismiss, Plaintiffs argue, the Court did not consider it. Reply at 3. But a court's failure to discuss an opinion does not mean it was not considered.

And whether considered or not, the failure to follow Hughes is not grounds for reconsideration, because Hughes is not binding. "As a matter of law, it cannot be a palpable defect in this court's original opinion that it did not follow an interpretation which has no precedential weight." White v. N. Mich. Reg'l Hosp., 698 F. Supp. 2d 950, 963 (W.D. Mich. 2010) (punctuation modified); see also Owner-Operator Indep. Driver Ass'n, Inc. v. Arctic Express, Inc., 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) ("While this Court may, and often does, consider opinions of the other Courts of Appeals, those decisions are not binding and do not require reconsideration of an earlier decision of this Court."); Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (explaining that a party must "demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent" to demonstrate error sufficient to grant a Rule 59 motion to amend judgment) (emphasis added); Mirditaj v. Ascroft, 116 F. App'x 733, 734 (6th Cir. 2004) ("The [Board of Immigration Appeals] did not abuse its discretion in denying the motion for reconsideration because the intervening case law was not binding on the BIA . . . .").

The decision of this Court fits squarely within Sixth Circuit precedent, and Plaintiffs provide no contrary Sixth Circuit case law. Instead, Plaintiffs argue that the Court's alleged clear error was in failing to follow Seventh Circuit precedent. The fact that Hughes uses the same ERISA pleading standards as the Sixth Circuit decisions in CommonSpirit and Forman does not

6

make its interpretation of those standards binding on courts in the Sixth Circuit. Plaintiffs note that no Sixth Circuit decision has "grappled with" Hughes's application to excessive recordkeeping claims. Reply at 2. This is a tacit acknowledgement that district courts in the Sixth Circuit are not required to follow the Seventh Circuit's lead.

Because Plaintiffs have only raised case law and arguments that were already before the Court and have presented only non-controlling case law from another circuit, they have not shown that the Court committed the kind of "clear error" that Rule 59(e) is meant to correct.

### III. CONCLUSION

For the reasons explained above, the Court denies Plaintiffs' motion for reconsideration (Dkt. 43).

SO ORDERED.

Dated: March 27, 2024　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge